**FILED**

JUN 12 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ROBERTS., | Case No.: 2:24-CV-00785-DJC-AC PS |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC | |
| Defendant. | Jury Trial: ☒ Yes  ☐ No |

## INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages and cost brought by Dean Roberts ("Plaintiff") an individual consumer, against the defendant, Midland Credit Management (hereinafter Midland) for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq.

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), and 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendant,Midland Credit Management INC transact business in Rancho Cordova, CA.

4. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

5. Plaintiff Dean Roberts is a natural person and consumer as defined by 15 U.S.C. § 1692a(3), residing in Rancho Cordova, CA.

6. Upon information and belief, Midland Credit Management Inc principal office is located at 350 Camino de la Reina, Suite 300 San Diego, CA and accepts service of process at Corporation Service Company 2710 Gateway Oaks Drive, Sacramento, CA 95833 .

7. Defendant Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The acts of Defendant as described in this complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

9. Prior to this action giving rise, Plaintiff allegedly incurred a financial obligation with Fingerhut Webbank for a personal credit account used for household purposes and therefore is a "debt" as that term is defined by 15 U.S.C § 1692a(5).

10. Sometime thereafter, Defendant allegedly acquired the right to collect or was assigned the right to collect on the subject defaulted debt.

11. On or about January 9th, 2024, Plaintiff received a letter from the defendant Midland in an attempt to collect an alleged debt from Plaintiff.

12. On January 16th, 2024, Plaintiff sent a letter to Defendant inquiring about the contents of the letter Defendant sent as listed above. This letter was received by Midland on 1-19-2024 certified mail #70183090000062467720.

13. In the letter Plaintiff indicated to Defendant that email is the only convenient mode of communication for him. The plaintiff included a preferred contact email within his letter.

14. In the letter Plaintiff notified Defendant that sending letters to his address is an inconvenient place.

15. Demonstrating disregard for the Plaintiff's rights under the FDCPA, particularly 15 USC § 1692c(a)(1) and Regulation F, Midland Credit Management audaciously dispatched a letter correspondence to Plaintiff's address dated January 23, 2024, to the Plaintiff's residence.

16. Defendant's letter was sent to Plaintiff in an attempt to collect a debt. This is indicated in the heading of the letter correspondence sent to the Plaintiff.

17. Defendant knew that the letter to Plaintiff's address was an inconvenient place for communication.

18. Defendant through its debt collector sent a letter to Plaintiff dated May 17th, 2024 indicating an amount allegedly owed by the Plaintiff of 2,042.03.

19. In previous correspondence Midland alleged Plaintiff owed 1,992.03.

20. Plaintiff has never owed either amount to Defendant and has not received any proof of the amount owed or Defendant's ownership of an account owed by Plaintiff after numerous requests.

21. Defendant has engaged in false, deceptive, and misleading representations of the character, amount, and legal status of a debt.

22. Defendant's actions invaded Plaintiff's privacy, and caused emotional distress, loss of time, anxiety, and other costs.

23. Midland's reliance on the Bona Fide Error defense under 15 U.S.C. § 1692k(c) is undermined by their intentional attempts to collect debt, ignoring the plaintiff's repeated requests

COMPLAINT FOR A CIVIL CASE - 5

for email communication only and sending letters to an inconvenient place. Defendant also willfully ignored Plaintiff's request for proof of ownership of the alleged debt. This suggests deliberate violations, casting doubt on Midland's claim of unintentional error and the effectiveness of its procedures to prevent such mistakes.

24. Pursuant to 15 § U.S.C 1692c(a)(1), a debt collector may not communicate with a consumer at any place known to be inconvenient to the consumer. Midland was aware of the Plaintiff's specified email communication preference and still employed mail as a means of contact. This abusive manner in which they communicated with the Plaintiff violated the Plaintiff's right to privacy under the FDCPA.

25. If Midland had sent the requested information to Plaintiff via email instead of physical mail, Plaintiffs privacy would not have been invaded. Midland intentionally ignored Plaintiff's notification and continued to attempt to collect the alleged debt through its own preferred means and not the Plaintiff's, willfully depriving him of his rights under the FDCPA and Regulation F.

26. Defendant's actions are barred by Regulation F § 1006.14(h)(1), which prohibits a debt collector from communicating or attempting to communicate with a person in connection with the collection of any debt through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person.

27. Midland's attempt to collect a debt at Plaintiff's physical residence is an invasion of Plaintiff's right to privacy and right to be free from unreasonable intrusion.

28. Midlands collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to cease communications and chose a preferred medium of communication to protect his right to privacy.

## ARTICLE III STANDING

29. The emotional distress Plaintiff experienced is a sufficient concrete injury to establish Article III standing. See Mayfield v. LTD Fin. Servs., L.P., No. 4:20-CV-01966, 2021 WL 4481089, at *4 (S.D. Tex. Sept. 30, 2021) (citing Rideau v. Keller Indep.Sch. Dist., 819 F.3d 155, 169 (5th Cir. 2016) ("[E]motional harm satisfies the 'injury in fact 'requirement of constitutional standing.")) (additional internal quotation marks omitted); see also Smith v. Moss Law Firm, P.C., No. 18-2449, 2020 WL 584617, at *5 (N.D. Tex. Feb.6, 2020) ("legal costs, anxiety, and worry" caused by defendant's alleged FDCPA violation were concrete and particularized injuries for purposes of FDCPA claim).

30. Plaintiff has established Article III standing to bring his FDCPA claim against Midland because Defendant's communications in an attempt to collect an alleged debt constitute an unwanted intrusion upon his solitude, seclusion, and peace and quiet, which are common law analogues to the FDCPA violations asserted below. See Vazzano v. Receivable Mgmt. Servs., LLC, 621 F. Supp. 3d 700, 709 (N.D. Tex. 2022) (receiving an unwanted letter "has a 'close relationship' to the type of harm protected by the common law tort of intrusion upon seclusion (protecting against intrusion into private solitude)) (citing TransUnion LLC v. Antoniarez, ——

U.S. ——, 141 S. Ct. 2190, 2204 (2021)) (also citing Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) ("The harm posed by unwanted text messages is analogous to that type of intrusive invasion of privacy.")

## COUNT 1 VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692d DEFENDANT MIDLAND CREDIT MANAGEMENT INC.

31. All preceding paragraphs are realleged.

32. Defendants violated 15 USC §1692d by engaging in abusive, harassing, and oppressive conduct.

33. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. See Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2nd Cir. 2010); Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 774 (7th Cir.2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

34. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer, 'the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." See Lee v. Credit Mgmt., LP, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

35. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

36. Despite Plaintiff's explicit instruction to Midland that the only convenient methods of communication were through email, Defendant continued to send letters to Plaintiff. This action, which directly contravened Plaintiff's stated preferences, constitutes harassment and abuse under the FDCPA, as it shows a willful disregard for Plaintiff's privacy and convenience.

37. Midlands violations of 15 USC §1692d caused Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

38. As a result of Defendants' violations of the Fair Debt Collection Practices Act, Defendant is liable for actual and statutory damages under 15 U.S.C § 1692k.

## COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692c(a)(1) DEFENDANT MIDLAND CREDIT MANAGEMENT INC

39. All preceding paragraphs are realleged.

40. Midland communicated with Plaintiff at an unusual time or place, or a time or place known, or which should be known to be inconvenient to Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1) and Regulation F.

41. Specifically, Plaintiff informed Midland that the only convenient mode of communication was through email. Despite this clear communication, Defendant continued to send letters to Plaintiff, which was expressly stated as inconvenient. This action by Defendant

COMPLAINT FOR A CIVIL CASE - 9

shows a willful disregard for Plaintiff's stated communication preferences and constitutes a violation of 15 U.S.C. § 1692c(a)(1).

42. Midlands violations of 15 USC §1692c(a)(1) caused Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

43. As a result of the Defendants' violations of the Fair Debt Collection Practices Act, Defendant is liable for actual and statutory damages under 15 U.S.C § 1692k.

## COUNT III VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692f DEFENDANTS MIDLAND CREDIT MANAGEMENT INC

44. All preceding paragraphs are realleged.

45. Defendants used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

46. In this instance, despite being expressly informed by Plaintiff that communication via letters was inconvenient and that email was the preferred method, Midland continued to send letters. This action disregards the Plaintiff's reasonable request and preferences, constituting an unfair practice under 15 U.S.C. § 1692f.

47. Midlands violations of 15 USC §1692f caused Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

55. As a result of Defendants' violations of the Fair Debt Collection Practices Act, Defendant is liable for actual and statutory damages under 15 U.S.C § 1692k.

### JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Dean Roberts, respectfully demands a jury trial and requests that judgment be entered in favor or Plaintiff against Defendant for:

(A) Actual, statutory damages, cost pursuant to 15 U.S.C. § 1692k.

(B) For such other legal and/or equitable relief as the Court deems appropriate.

Date:

*Dean Roberts* (signature)
Dean Roberts
deanroberts8819@gmail.com
10501 Croetto Way APT 44
Rancho Cordova, CA 95670

48. As a result of the Defendants' violations of the Fair Debt Collection Practices Act, the Defendant is liable for actual and statutory damages under 15 U.S.C § 1692k.

### COUNT IV VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692e(2)(A) DEFENDANTS MIDLAND CREDIT MANAGEMENT INC

49. All preceding paragraphs are realleged.

50. Defendant used false, deceptive, and misleading representations in an attempt to collect an alleged debt Plaintiff does not owe to Defendant, in violation of 15 U.S.C. § 1692e(2)(A).

51. Defendant sent multiple collection letters to Plaintiff, each stating different amounts allegedly owed.

52. The discrepancies in the amounts stated in Defendant's collection letters are false, misleading, and deceptive, in violation of 15 U.S.C. § 1692e(2)(A).

53. The Defendant's failure to provide proof of ownership of the alleged debt constitutes a false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

54. Midlands violations of 15 USC §1692e(2)(A) caused Plaintiff actual damages of worry, anxiety, emotional distress, and loss of time.

## ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.