THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ETHAN B. SHAKOORI [SBN 330753]
eshakoori@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| DEAN ROBERTS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No. 2:24-cv-00785-DJC-AC<br><br>**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF DEAN ROBERT'S AMENDED COMPLAINT**<br><br>Judge:  Hon. Daniel J. Calabretta<br>Magistrate Judge: Hon. Allison Claire<br><br>Action Filed:   June 12, 2024<br>Trial Date:     Not Set |

Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), on behalf of itself and no others, hereby submits the following Answer to the Amended Complaint filed in this action by Plaintiff DEAN ROBERTS ("Plaintiff"):

## INTRODUCTION

1. Paragraph 1 of the amended complaint contains a legal conclusion to which no response is required.

2. Paragraph 2 of the amended complaint contains a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

3. Paragraph 3 of the amended complaint contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant lacks sufficient information and belief and on that basis denies said allegation.

4. Paragraph 4 of the amended complaint contains a legal conclusion to which no response is required.

## PARTIES

5. Defendant admits that Plaintiff is a natural person but, lacks sufficient information or belief to admit or deny whether Plaintiff currently resides in Rancho Cordova, California and, on that basis, denies such allegations.

6. Defendant admits it maintains an office in California.

7. Paragraph 7 of the amended complaint contains a legal conclusion to which no response is required.

8. Paragraph 8 of the amended complaint contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

## FACTUAL ALLEGATIONS

9. Defendant admits Plaintiff incurred the financial obligation at issue. Otherwise, Paragraph 9 of the amended complaint contains a legal conclusion to

which no response is required.

10. Defendant admits that it owns all rights, title, and interest in the subject account.

11. Paragraph 11 of the amended complaint contains a legal conclusion to which no response is required.  To the extent the paragraph contains a factual allegation, Defendant lacks sufficient information and belief and on that basis denies said allegation.

12. Paragraph 11 of the amended complaint contains a legal conclusion to which no response is required.  To the extent the paragraph contains a factual allegation, Defendant lacks sufficient information and belief and on that basis denies said allegation.

13. The contents of the letter speak for themselves.

14. The contents of the letter speak for themselves.

15. Paragraph 15 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

16. Paragraph 16 of the amended complaint contains a legal conclusion to which no response is required.  To the extent the paragraph contains a factual allegation, Defendant lacks sufficient information and belief and on that basis denies said allegation.

17. Paragraph 17 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

18. Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 18 and on that basis denies said allegations.

19. Paragraph 19 of the amended complaint contains a legal conclusion to which no response is required.  To the extent the paragraph contains a factual allegation, Defendant lacks sufficient information and belief and on that basis denies

1 said allegation.

2   20.   Defendant denies the allegations of paragraph 20.

3   21.   Defendant denies the allegations in Paragraph 21.

4   22.   Defendant denies the allegations of paragraph 22.

5   23.   Paragraph 23 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

6   24.   Paragraph 24 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

7   25.   Paragraph 25 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

8   26.   Paragraph 26 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

9   27.   Paragraph 27 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

10   28.   Paragraph 28 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

## ARTICLE III STANDING

29.   Paragraph 29 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

30.   Paragraph 30 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph

1 | contains factual allegations, Defendant denies them.

## COUNT I VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692d DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

31. Defendant incorporates by reference its responses contained in paragraphs 1 through 30.

32. Defendant denies the allegations of paragraph 32.

33. Paragraph 33 of the amended complaint contains a legal conclusion to which no response is required.

34. Paragraph 34 of the amended complaint contains a legal conclusion to which no response is required.

35. Paragraph 35 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

36. Paragraph 36 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

37. Defendant denies the allegations of paragraph 37.

38. Paragraph 38 of the amended complaint contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

## COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692c(a)(1) DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

39. Defendant incorporates by reference its responses contained in paragraphs 1 through 38.

40. Defendant denies the allegations of paragraph 40.

41. Paragraph 41 of the amended complaint contains conclusions of law

and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

42. Defendant denies the allegations of paragraph 42.

43. Paragraph 43 of the amended complaint contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

## COUNT III VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692f DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

44. Defendant incorporates by reference its responses contained in paragraphs 1 through 44.

45. Defendant denies the allegations of paragraph 45.

46. Paragraph 46 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

47. Defendant denies the allegations of paragraph 47.

48. Paragraph 48 of the amended complaint contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

## COUNT IV VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692e(2)(A) DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

49. Defendant incorporates by reference its responses contained in paragraphs 1 through 48.

50. Defendant denies the allegations of paragraph 50.

51. Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 51 and on that basis denies said allegations.

52. Paragraph 52 of the amended complaint contains conclusions of law

and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

53. Paragraph 53 of the amended complaint contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

54. Defendant denies the allegations of paragraph 54.

55. Paragraph 55 of the amended complaint contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

## JURY DEMAND AND PRAYER FOR RELIEF

Then unnumbered paragraphs in the above-entitled section of Plaintiff's amended complaint contain a legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the amended complaint, and without assuming or shifting any burden of proof required for Plaintiff to establish his claims, Defendant alleges on information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Individual Arbitration Required by Contract)

1. Defendant alleges on information and belief that upon the election of Defendant or of Plaintiff, the parties are required to arbitrate some or all of Plaintiff's alleged claims under the terms of the contract between Plaintiff and the original creditor. Therefore, upon any party's election this Court lacks jurisdiction to hear such claims against this Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2. The allegations of the amended complaint fail to state a claim against Defendant upon which relief can be granted because, without limitation, the Plaintiff does not provide sufficient facts to state a claim for relief that is plausible on its face.

## THIRD AFFIRMATIVE DEFENSE
## (Statute of Limitations/Laches)

3. The purported claims set forth in the amended complaint are barred in whole or in part by the applicable statute of limitations including, without limitation, 15 U.S.C. §1692k(d); and/or the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
## (Bona Fide Error)

4. To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FIFTH AFFIRMATIVE DEFENSE
## (Statute(s) Unconstitutional as Applied)

5. The statute or statutes are unconstitutional both on their face and as applied because they unconstitutionally restrict a creditor's or debt collector's speech, and because they place a greater restriction on a debt collector's speech than on a debtor's speech, in violation of the First and Fourteenth Amendments of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
## (Set-Off)

6. Defendant is entitled to a set-off and credit against Plaintiff's claims based on Plaintiff's indebtedness.

## SEVENTH AFFIRMATIVE DEFENSE
## (Consent)

7. Plaintiff's acts, conduct and/or statements constituted consent to the alleged acts and/or conduct set forth in the amended complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Conduct of Others)

8. Plaintiff's damages, if any, were caused by the actions or inactions of others over whom this answering Defendant had no control.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

9. To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Absence of Standing)

10. Plaintiff's claims are barred to the extent he has no standing to pursue the claims alleged.

## JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, Defendant Midland Credit Management, Inc. requests judgment as follows:

1. That Plaintiff takes nothing by his amended complaint, which should be dismissed with prejudice;

2. That Defendant recover from Plaintiff its costs according to proof;

3. That Defendant recover its attorneys' fees according to proof; and

4. That the Court order such other further reasonable relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | DATED: October 15, 2024 | SOLOMON WARD SEIDENWURM & SMITH, LLP |

By: _/s/ Thomas F. Landers_
THOMAS F. LANDERS
ETHAN B. SHAKOORI
Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT INC.

# PROOF OF SERVICE

*Roberts v. Midland Credit Management, Inc.*
**Case No. 2:24-cv-00785-DJC-AC**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 401 B Street, Suite 1200, San Diego, CA 92101.

On October 15, 2024, I served true copies of the following document(s) described as

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF DEAN ROBERT'S AMENDED COMPLAINT**

on the interested parties in this action as follows:

DEAN ROBERTS                              PRO SE
10501 Croetto Way Apt 44
Rancho Cordova. CA 95670

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Diego, California.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 15, 2024, at San Diego, California.

Sylvia Durazo